IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:19-cv-0679 |
| | ) | |
| 4.31 ACRES OF LAND, OWNED BY | ) | |
| JAMES T. CHANDLER and KATHY E. | ) | |
| CHANDLER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Mountain Valley Pipeline, LLC ("MVP"), by counsel, submits this motion in limine to exclude the following evidence of defendants:

1. *Evidence of Fear of Pipelines and Claims that Many Buyers Would Not Purchase the Property Because of the Pipeline*. Gruelle's appraisal report includes numerous articles addressing fear as an element of damages. Gruelle also states that "[m]any buyers have health concerns" about gas pipelines. Excerpt from Appraisal Report of Dennis Gruelle, attached as Exhibit 1, page 35 of Addendum 1. Because defendants have no evidence linking any fear of pipelines to a diminution of the market value of the property, evidence of fear is inadmissible. *See Mountain Valley Pipeline, LLC v. 1.85 Acres (Lucki)*, No. 7:19-cv-0147-EKD, 2020 WL 1067001, at *6 (W.D. Va. Mar. 5, 2020) (excluding evidence of fear and stigma of pipelines because landowner

Bristol: 905764-1

could not link the evidence to a diminution in market value); *Mountain Valley Pipeline, LLC v. 1.81 Acres (Jones)*, No. 7:18-cv-0151-EKD, 2019 WL 3945272, at *5 (W.D. Va. Aug. 21, 2019) (excluding evidence of explosion area because landowners could not link the evidence to a diminution in market value); *Mountain Valley Pipeline, LLC v.1.30 Acres (Baker)*, No. 7:18-cv-0607-EKD, 2019 WL 4306981, at *5 (W.D. Va. Sept. 11, 2019) (same).

Gruelle also states that "[m]any buyers will not purchase properties encumbered by gas pipelines" and that "HUD has limitation and approval requirements with respect to mortgages on properties within 660 feet of the center line of high-pressure gas pipeline easements." Dkt. No. 17-6 at 36 of 46. This evidence is likewise inadmissible because defendants cannot link unwilling buyers or lenders to a diminution of the market value of the condemned tracts. *See 1.85 Acres (Lucki)*, 2020 WL 1067001, at *6; *1.81 Acres (Jones)*, 2019 WL 3945272, at *5; *1.30 Acres (Baker)*, 2019 WL 4306981, at *5.

Gruelle also relies upon discussions with local brokers and market participants. Dkt. No. 17-6 at 11, 36 of 46. This evidence is inadmissible because, as in *1.85 Acres (Lucki)*, "'anecdotal conversations relating to various fears or perceptions, without foundation, are entirely insufficient as a basis for expert testimony.'" 2020 WL1067001, at *6 (quoting *1.81 Acres (Jones)*, 2019 WL 3945272, at *6). The information is also inadmissible hearsay. Fed. R. Evid. 801, 802.

2

2. *Claims that the Pipeline Is Dangerous or Unsafe and Evidence of Other Pipeline Accidents or Incidents*. Defendants have not disclosed any witness who is qualified to testify about the safety of MVP's pipeline and have no evidence that an accident on the property is reasonably probable and more than just speculative. Nor do defendants have any evidence linking pipeline safety issues or accidents to a diminution of the market value of the condemned tracts. For both of these reasons, evidence of pipeline safety and accidents is inadmissible. *1.85 Acres (Lucki)*, 2020 WL 1067001, at *6; *1.81 Acres (Jones)*, 2019 WL 3945272, at *5; *1.30 Acres (Baker)*, 2019 WL 4306981, at *5.

Moreover, accidents involving other pipelines and different conditions do not represent any risk involving MVP's pipeline on defendants' properties. Consequently, the Court should exercise its broad authority to exclude such evidence. *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C. Cir. 1986); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981). Evidence of dissimilar incidents or accidents is generally more prejudicial than probative under Rule of Evidence 403. *Jones v. Ford Motor Co.*, 204 F. App'x 280, 286 (4th Cir. 2006) ("[E]vidence of other accidents can be highly prejudicial. Therefore, the proponent of other similar incident evidence must establish as a threshold matter that such events occurred under substantially similar circumstances as the plaintiff's incident."); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 707, 730 (W.D. Va. 2004) ("Proof of prior accidents is not easily admitted into evidence because it often results in unfair prejudice, consumption of time, and distraction of the jury to collateral

matters."); *Blevins v. New Holland N. Am., Inc.*, 128 F. Supp. 2d 952, 961 (W.D. Va. 2001) ("[T]o explore the similarities and dissimilarities of the Hornsby case with the present accident will prolong the trial and risk jury confusion and prejudice.").

Finally, introduction of testimony about safety issues and accidents presents a substantial risk of prejudice, confusion, and delay. Fed. R. Evid. 403 (stating relevant evidence may be excluded if its probative value is substantially outweighed by a danger of confusing the issues or undue delay). Courts routinely exclude such evidence to avoid an extended trial on collateral issues. *E.g.*, *Sabal Trail Transmission, LLC v. 13.386 Acres*, No. 5:16-cv-147, 2018 WL 6504077, at *3 (M.D. Fla. Dec. 11, 2018) (excluding testimony and sections of appraisal report concerning explosions, leaks, and other accidents to avoid misleading jury); *Sabal Trail Transmission, LLC v. 3.921 Acres*, No. 5:16-cv-178, Order (M.D. Fla. Jan. 9, 2018) (excluding evidence of pipeline accidents and safety); *Transwestern Pipeline, LLC v. 46.78 Acres*, No. 2:07-cv-02312-JWS, 2010 WL 1728936, at *4 (D. Ariz. Apr. 26, 2010) (excluding testimony and expert report purporting to summarize publicly available information about prior pipeline failures because the testimony and report would not assist the trier of fact in determining the existence and amount of damages to the remainder).

3.  *Evidence of Alleged Impacts and Hazards from Construction*. Gruelle states that he has read reports concerning alleged construction impacts and landslide hazards posed by the MVP pipeline. Dkt. No. 17-6 at 36 of 46. As in *1.85 Acres (Lucki)*, the evidence is inadmissible because possible impacts and hazards are not inherent in the

easement. 2020 WL 1067001, at *7 (excluding evidence of uncertain impact to springs, wells, drainage, and soil compaction because compensable loss in eminent domain proceedings is limited to risks that are inherent in the easement); *see 1.30 Acres (Baker)*, 2019 WL 4306981, at *8 (excluding evidence that temporary construction blocked landowners from accessing interior of property); *Atlantic Coast Pipeline, LLC v. 0.07 Acre,* 396 F. Supp. 3d 628, 644-45 (W.D. Va. 2019) (excluding evidence of possible damages from construction work); *Texas E. Transmission, L.P. v. Permanent Easement of 0.5 Acres*, No. 1:14-cv-354, 2019 WL 1437871, at *3 (M.D. Pa. Apr. 1, 2019) (applying foundational principle of eminent domain law that compensation is limited to "losses inherent to the taking itself" and does not include vandalism by third parties during construction even if allowed by negligence of condemnor); *Rover Pipeline, LLC v. 1.23 Acres*, No. 17-cv-10365, 2018 WL 3322995, at *16 (E.D. Mich. July 6, 2018) (excluding evidence of torts committed during construction); *see also Virginia Elec. & Power Co. v. Farrar*, 135 S.E.2d 807, 811 (Va. 1964) (stating compensation cannot be awarded for damages resulting from negligent construction); *Ryan v. Davis,* 109 S.E.2d 409, 413 & n.1 (Va. 1959) (excluding evidence of damage, annoyance, inconvenience, or loss caused by construction).

Further, there is no evidence that possible impacts or hazards are reasonably probable or more than just speculative, and there is no evidence linking these potential effects to diminution in market value. Therefore, evidence of possible impacts

and hazards is not admissible. *See 1.81 Acres (Jones)*, 2019 WL 3945272, at *2; *0.07 Acre,* 396 F. Supp. 3d at 642-43.

Evidence of the reports concerning alleged construction impacts and landslide hazards should also be excluded because the reports are hearsay. Fed. R. Evid. 801, 802.

Finally, Gruelle states in his appraisal report, without any support, that the "project causes soil disruption and compaction." Dkt. No. 17-6 at 36 of 46. MVP's motion to exclude evidence of construction impacts is directed to alleged impacts to the remainder of the property from construction and temporary impacts associated with construction. MVP agrees that defendants can recover in this case for any permanent impact to the land within the easement that results from construction. It should be noted, however, that Gruelle is already devaluing that land by 95%. Dkt. No. 17-6 at 35 of 46.

4. *Evidence of Appraisals of Other Properties.* Gruelle's report refers to appraisals of other properties by other appraisers. Gruelle cites the opinions of William C. Harvey as to the damages on a property in Nelson County, and the opinions of William R. Hopkins, Jr., as to damages to a property in Brunswick County. Exhibit 1. Gruelle also cites an appraisal by Wesley D. Woods that was prepared for the purpose of estimating security for a different property in the project. *Id.* Evidence of these appraisals and the opinions and conclusions stated therein should be excluded for two reasons.

First, without testimony from the appraisers who made the appraisals, the appraisals and any conclusions stated therein are inadmissible hearsay. Fed. R. Evid. 801 and 802; *see, e.g., Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) (holding Federal Rules of Evidence permit "admission of expert opinion *testimony* not opinions contained in documents prepared out of court") (emphasis in original); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984) (holding Federal Rules of Evidence do not allow admission of expert reports to establish the truth of what they assert); *Kirola v. San Francisco*, No. 4:7-cv-3685, 2010 WL 3476681, at *10 (N.D. Cal. Sept. 2, 2010) (holding "expert reports would violate the hearsay rule to the extent that live testimony is not also offered on the issues").

Second, there is no evidence that the other properties are comparable to defendants' properties. No expert in this case has made a comparison or determined that the other properties are sufficiently similar to do so. In the absence of any evidence that the other properties are comparable, evidence of the value of or damages to those properties should be excluded. *1.85 Acres (Lucki)*, 2020 WL 1067001, at *7 (excluding evidence of appraisals of other properties because defendant offered no evidence that the other properties are comparable to the property at issue); *State Highway & Transp. Comm'r v. Garland*, 292 S.E.2d 355, 357 (Va. 1982) (requiring evidence that the other properties "were similar in locality and character to the land in question"). For this reason, appraisals of other properties are irrelevant under Rule 401. At the very least,

7

their probative value is outweighed by the danger of confusing the jury and wasting time under Rule 403.

     5.   *Evidence of the Appraisal Prepared to Estimate Security.* In his appraisal report, Gruelle cites the appraisal that Jared Schweitzer and Samuel Long prepared to estimate security for defendants' parcels. MVP has not disclosed Mr. Schweitzer or Mr. Long as a witness in this case.

     MVP reserves its position that evidence of an appraisal for the purpose of setting security is inadmissible. *United States v. Two Tracts of Land*, 412 F.2d 347, 350 (2d Cir. 1969); *see United States. ex rel. TVA v. 1.72 Acres*, 821 F.3d 742, 757 (6th Cir. 2016); *United States v. 2,187.43 Acres*, 461 F.2d 938, 940 (8th Cir. 1972); *United States v. 9.85 Acres*, 183 F. Supp. 402, 404 (E.D. Va. 1959), *aff'd*, 279 F.2d 890 (4th Cir. 1960). MVP recognizes, however, that the Court has held that an appraisal for security is not necessarily inadmissible. *1.85 Acres (Lucki)*, 2020 WL 1067001, at *7-8. As the Court has explained, the appraisal must be relevant and otherwise admissible. *Id.* at *8. The appraisal cited by Gruelle does not meet these requirements.

     First, the appraisal is inadmissible hearsay under Federal Rules of Evidence 801 and 802. *See*, *e.g.*, *Engebretsen*, 21 F.3d at 728; *Paddack*, 745 F.2d at 1262; *Kirola*, 2010 WL 3476681, at *10. Because Mr. Schweitzer and Mr. Long are not witnesses in this case, their appraisal is not admissible as a prior inconsistent statement. *See* Fed. R. Evid. 613 (allowing examination of witness about witness's prior inconsistent statement).

8

Bristol: 905764-1

Second, Federal Rule of Evidence 703 allows an expert to base his opinion on facts or data that experts in the field would reasonably rely upon, but for the facts or data to be admitted two requirements must be met. First, the expert must have actually based his opinion on the facts or data. Fed. R. Evid. 703. Second, the probative value of the facts, in helping the jury evaluate the expert's opinion, must substantially outweigh the prejudicial effect. *Id*. Neither requirement is satisfied here. Gruelle's opinion that the remainder of the property is damaged by 40% is actually based on two "impacted sales" of unimproved property that Gruelle adjusts. Dkt. No. 17-6 at 38-44 of 46. Gruelle did not base his opinion on the appraisal for security, which finds only 30% damage. Moreover, any probative value of the appraisal for security in helping the jury understand Gruelle's opinion does not substantially outweigh its prejudicial effect. The Court should not allow defendants to introduce evidence of the security appraisal under the ruse of explaining Gruelle's opinion. Rather than explaining Gruelle's opinion, the appraisal contradicts Gruelle.

6. *Opinions of Persons Not Disclosed as an Expert.* Gruelle states that his opinion on the highest and best use of the condemned tracts is "consistent with the recommendations [of] Larry Florin, and Linda DeVito as well as others. Dkt. No. 17-6 at 23 of 46. These individuals have not been disclosed as witnesses. Their opinions are likewise hearsay and inadmissible. Moreover, no information is provided on the facts or data considered by Florin or DeVito or other basis of their "recommendations." Without

9

this information, it is impossible to test the reliability of the recommendations, and they should be withheld from the jury under Rule 703.

7. *Evidence of Possible Utility Corridor.* Gruelle states that the "property is required for consideration by future utility providers for additional easements." Dkt. No. 17-6 at 36 of 46. This evidence should be excluded because the possibility of a utility corridor is speculative, and Gruelle cites no evidence that it affects the market value of the property. *Id*. Moreover, defendants are not entitled to damages from MVP for easements that may be taken in the future by other companies. The companies taking future easements will be responsible for just compensation for those easements. As in a previous case, this evidence should be excluded. *1.30 Acres (Baker)*, 2019 WL 4306981, at *6 ("[C]ounsel conceded the speculative nature of the testimony at the hearing. Therefore, MVP's motion will be granted with respect to utility corridors.").

8. *Examination of Joseph E. Thompson Concerning Vacated Order.* MVP has disclosed Thompson as an expert on value and damages in this case. In *Mountain Valley Pipeline, LLC v. 10.67 Acres (Doe Creek)*, No. 7:18-cv-0609 (W.D. Va. Nov. 12, 2019), the Court entered an order regarding testimony by Thompson. Order, Dkt. No. 55 at 9-11, 15. However, the Court later vacated the order and directed that it be removed from the docket and electronic filing system. Order, Dkt. No. 67. The vacated order is a legal nullity, has no effect, and Thompson should not be examined about the vacated order. *E.g.*, *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 110 (2d Cir. 2001) ("A vacated judgment has no effect."); *United States v. Sigma Intern., Inc.*,

10

300 F.3d 1278, 1280 (11th Cir. 2002) (stating vacated judicial opinions are "officially gone" and have "no legal effect whatever" and are "void"); *United States v. Russell*, 221 F.3d 615, 623 (4th Cir. 2000) (finding vacated convictions cannot be used for impeachment). Even if the order in *Doe Creek* had not been vacated, it still would not be proper impeachment. *Dahlin v. Lyondell Chem. Co.*, No. 3:14-cv-085, 2016 WL 4690390, at *3-4 (S.D. Iowa Mar. 24, 2016) (prohibiting evidence of expert's exclusion in prior cases); *Kirk v. Schaeffler Grp. USA*, No. 3:13-cv-5032, 2016 WL 593910, at *6 (W.D. Mo. Feb. 12, 2016) (same); *Ecolab USA Inc. v. Diversey, Inc.*, No. 12-cv-1984, 2015 WL 2353018, at *9 (D. Minn. May 15, 2015) (same); *Wilson v. Maricopa Cty.*, No. 04-cv-2873, 2007 WL 686726, at *11 (D. Ariz. Mar. 2, 2007) (same).

        *9.*    *Evidence of Settlement Offers and Communications*. Under Rule 408, evidence of offers to settle a claim or statements made in negotiations about the claim are not admissible to prove the amount of a claim. Because the amount of the claim for just compensation is the only issue remaining for trial, settlement offers and negotiations should be excluded. *See Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) ("Federal Rule of Evidence 408 is broader than the common law exclusionary rule in many jurisdictions and excludes from evidence all statements made in the course of settlement negotiations."); *United States v. 1.604 Acres*, 844 F. Supp. 2d 685, 688 (E.D. Va. 2011) (excluding evidence of offers in condemnation case); *Xcoal Energy & Res., LP v. Smith*, 635 F. Supp. 2d 453, 454 (W.D. Va. 2009) (excluding statements made

11

in course of settlement negotiations).  Under this rule, any evidence of settlement offers made by the parties, or of the negotiations between them, should be excluded.

      *10.  Evidence of Amounts Paid for Easements on Other Properties*.  The amount paid by a condemnor for other land or easements is not a fair indication of market value and should be excluded from evidence.  *See Slattery Co. v. United States*, 231 F.2d 37, 41 (5th Cir. 1956) ("The prices paid in settlement of condemnation proceedings or the sum paid by the condemnor for similar land, even if proceedings have not been begun, is inadmissible."); *Murdock v. United States*, 160 F.2d 358, 362 (8th Cir. 1947) ("Testimony of the price paid by the condemnor for other tracts is not admissible."); *United States v. 13,255.53 Acres*, 158 F.2d 874, 877 (3d Cir. 1946) (same); *Bajwa v. Sunoco, Inc.*, 329 F. Supp. 2d 726, 733 (E.D. Va. 2004) ("It is well established that sales to potential condemnors are involuntary sales and as such cannot establish the fair market value of comparable property.").

*   *   *

      For the foregoing reasons, the Court should grant MVP's motion and exclude the evidence described herein.

                                 Respectfully submitted,

                                 MOUNTAIN VALLEY PIPELINE, LLC

                                 By Counsel

Bristol: 905764-1

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

# CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of June, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

 */s/ Wade W. Massie*
        Wade W. Massie