IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:19-cv-00679 |
| 4.31 ACRES OF LAND, OWNED BY JAMES T. CHANDLER AND KATHY E. CHANDLER, et al., | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter was tried to a jury on May 11–14, 2021. (Dkt. Nos. 101, 102, 104, 106.) The jury returned a verdict awarding just compensation to the Chandlers / Landowners in the amount of $430,000.00. (Dkt. No. 109.) After trial, the parties submitted a proposed order for judgment to the court, but the parties could not agree on the amount of pre-judgment interest or on language proposed by Mountain Valley Pipeline (MVP) regarding easement interference. The court held a hearing on this issue on May 21, 2021, and the court took the matter under advisement. (Dkt. No. 117.) For the reasons stated below, the court will award pre-judgment interest in the amount earned by the funds in the court's registry and will not include the proposed language regarding easement interference.

The Chandlers argue that the amount of interest should be governed by Virginia law, and they cite cases applying pre-judgment interest based on state law in condemnation cases. *See, e.g.*, *Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2017 WL 1455023, at *1-2 (N.D.W. Va. Apr. 21, 2017); *Questar S. Trails Pipeline Co. v. 3.47 Acres*, No. 02-cv-10, 2003 WL 27385112, at *2 (D.N.M. July 31, 2003); *Spears v. Williams Nat. Gas Co.*, 932 F. Supp. 259, 260 (D. Kan. 1996); *Tenn. Gas Pipeline Co. v. 104 Acres*, 780 F. Supp. 82 (D.R.I. 1991).

However, federal courts apply federal substantive law in condemnation cases. *See U.S. v. Miller*, 317 U.S. 369, 379-80 (1942) (holding that unless otherwise proscribed by Congress, federal law governs "questions of substantive right, such as the measure of compensation" for federal courts in condemnation proceedings); *Nat'l R.R. Passenger Corp. v. Two Parcels of Land*, 822 F.2d 1261, 1265-67 (2d Cir. 1987) (holding federal law governed the measure of compensation). The court has emphasized this point in several prior rulings. *See, e.g.*, *MVP v. 9.89 Acres (Elizabeth Lee Terry)*, Civil Action No. 7:19-cv-145, 2021 WL 1217350, at *2 (W.D. Va. Mar. 31, 2021); *MVP v. 0.19 Acres (Bohon)*, Civil Action No. 7:19-cv-146, 2020 WL 7023891, at *2 (W.D. Va. Nov. 30, 2020); *MVP v. 1.89 Acres (Briarwood)*, Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *2 (W.D. Va. Dec. 2, 2019); *but see Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237 (3d Cir. 2019) (distinguishing *Miller* and "incorporat[ing] state substantive law as the federal standard of measuring just compensation in condemnation proceedings by private entities acting under the authority of the [Natural Gas Act]").

Furthermore, in its order directing MVP to deposit funds for security, the court referenced the federal court registry interest rate and provided for interest if the amount of compensation awarded exceeded the amount of the MVP deposit, as follows:

> 4. MVP shall remit the deposit amounts to the clerk of court for deposit into the registry of this court. The clerk shall deposit the amounts into the registry of this court and then, as soon as the business of the clerk's office allows, the clerk shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67.
>
> 8. Each of the defendants who owns or claims an interest in any particular property shall be entitled to draw from one-third of the funds deposited by MVP with the clerk of the court its ownership

> share of the amount of estimated just compensation deposited by MVP, subject to the warnings above, and provided that each such defendant satisfies all conditions of this order and any other court order. **Furthermore, defendants shall be entitled to interest calculated pursuant to 28 U.S.C. § 1961 from and after the date of entry of this order on the difference between the principal amount deposited with the court by MVP and the amount of just compensation determined by the court, if any, if such determination of just compensation to be paid exceeds the amount deposited by MVP.**

*Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain a Nat. Gas Pipeline*, Civil Action No. 7:17-cv-00492, 2018 WL 1144387, at *4 (W.D. Va. Mar. 2, 2018) (emphasis added).  The local rule cites to the federal statute governing investment of court registry funds.  *See* 28 U.S.C. § 2045.  No party, including the Chandlers, objected to this order, and, in this case, the amount deposited by MVP exceeded the jury award.

Finally, the Fourth Circuit has held that the appropriate rate of interest under the Declaration of Taking Act, 40 U.S.C. § 258a, is a question of fact determined by the district court.  *Wash. Metro. Area Transit Auth. v. One Parcel of Land in Montgomery Cnty., Md.*, 706 F.2d 1312, 1322 (4th Cir. 1983).  Pursuant to *Washington Metropolitan*, several district courts in the Fourth Circuit have awarded pre-judgment interest for just compensation under the NGA at federal rates.  *See Dominion Energy Transmission, Inc. v. 0.11 Acres*, No. 1:19-cv-182, 2020 WL 5648325, at *3 (N.D.W. Va. Sept. 22, 2020); *Mountain Valley Pipeline, LLC v. An Easement to Construct, Operate and Maintain a 42-inch Gas Transmission Line*, No. 2:17-cv-4214, 2020 WL 4927513, at *5 (S.D.W. Va. Aug. 21, 2020); *Columbia Gas Transmission, LLC v. 84.53 Acres*, No. 1:18-cv-9, 2019 WL 4934952, at *3 (N.D.W. Va. Oct. 7, 2019); *Dominion Energy Transmission, Inc. v. 4.01 Acres*, No. 5:17-cv-184, 2019 WL 7835627, at *2 (N.D.W. Va. Sept. 24, 2019); *Hardy Storage Co., LLC v. Property Interests Necessary to Conduct Gas Storage Ops.*, Civil Action No. 2:07CV5, 2009 WL 689054, *9 (N.D.W. Va. Mar. 9, 2009).

Regarding easement interference, MVP requests that the order contain the following language:

> Defendants, their successors and assigns, and their agents, servants, employees, and those in active concert and participation with them are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP, its successors and assigns, or their agents, servants, employees, or contractors.

This issue was never raised during trial, and now that the jury has determined just compensation, the court will enter a judgment order granting absolute and indefeasible title to the easements in question to MVP and its successors and assigns. MVP, like any other easement holder, will then be able to enforce its easement rights pursuant to law. Thus, the language is unnecessary and will not be included in the order.

Therefore, the court's judgment order will award pre-judgment interest at the rate used by the Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67. The court notes that, pursuant to MVP's agreement, that there will be no deduction regarding interest on the amount the Chandlers could have drawn down from the court registry. The order will not include the easement interference language.

Entered: June 7, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge